### In re McCARTHY's WILL.

*(Supreme Court, General Term, Fifth Department. October 21, 1892.)*

1. WILLS—MENTAL CAPACITY—EVIDENCE.
   A finding that a decedent was of unsound mind when his will was executed will not be disturbed on appeal where it is undisputed that decedent, who was over 82 years old, had for some time before the date of the instrument been ill of an incurable disease, and that his physician had ceased to treat him, because he could do nothing to arrest the progress of the disease, and there is evidence, though conflicting, that on the day the instrument was signed deceased was lying helpless on his bed, with mind so impaired as to be unable to carry on conversation, or to comprehend questions put to him.

2. PRIVILEGED COMMUNICATIONS—INSTRUCTIONS TO DRAW WILL.
   Instructions given to an attorney by a person intending to make a will are privileged communications, and the attorney cannot testify as to such instructions, unless they were given in the hearing or presence of some third person. *Loder* v. *Whelpley,* 18 N. E. Rep. 874, 111 N. Y. 239; *In re Coleman,* 19 N. E. Rep. 71, 111 N. Y. 220,—followed.

3. TRANSACTIONS WITH DECEDENTS.
   Evidence as to a testator's physical condition when witness reached his home, and as to whether he left his bedroom after her arrival, is not objectionable as relating to personal transactions or communications with a decedent.

Appeal from surrogate's court, Ontario county.

Proceedings to probate an instrument alleged to be the last will of John McCarthy, deceased. From a decree of the surrogate refusing probate on the ground that decedent was mentally incompetent to make a will, proponents appeal. Affirmed.

For decisions on former appeals, see 8 N. Y. Supp. 578, and 14 N. Y. Supp. 2.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John E. Bean,* for appellants. *D. B. Backenstose,* for respondents.

LEWIS, J. The will in controversy bears date the 16th day of November, 1888, and the deceased died on the 22d of December following. The surrogate found that McCarthy was at the time of the alleged execution of the instrument propounded as his will of unsound mind and memory, and not competent to execute the same. The deceased was 82 years old and upwards when he died. He had been for some time before the 16th of November, the date of the will, very seriously ill with an incurable disease. His mind was in a very feeble condition. His physician had ceased to treat him, giving as a reason that he could do nothing further to arrest the progress of the disease. The evidence tends to show that on the day the will was signed McCarthy was lying helpless upon his bed, and that his mind was so impaired that he was unable to carry on conversation. The testimony as to his condition was quite conflicting, but it fairly establishes that it was a great difficulty, if not impossible, for him to comprehend the questions that were put to him, and it is very doubtful if he had sufficient strength of mind to comprehend the nature and effect of the act of executing the will. The surrogate, who saw the witnesses and heard their testimony, has found as a fact that he did not have sufficient strength of mind to execute a will. His findings, we think, were justified by the evidence, and should not be disturbed, unless errors were committed upon the trial requiring a reversal. Section 2545 of the Code of Civil Procedure provides that the decree of a surrogate in admitting or rejecting a will must not be reversed for an error in admitting or rejecting evidence,

unless it appear to the appellate court that the exceptant was necessarily prejudiced thereby. The conversation between Mrs. McCarthy, the widow of the deceased, and the attorney, Nicholas, was incompetent and immaterial. She testified that it occurred after the death of her husband. It consisted mainly in the advice of Mr. Nicholas to her not to oppose the probate of the will, and promises on his part that he would not take an active part in the proceedings to prove the will. While it was incompetent evidence, it is not apparent that it necessarily or probably had any effect upon the decision of the surrogate. The question put to Mr. Nicholas, the attorney who drew the will, as to who gave him the instructions to draw the will, was, we think, properly excluded. He testified that he did not get the instructions from any other person than John McCarthy, the testator. The surrogate properly held that the testimony was incompetent, unless the instructions were given in the hearing or presence of some other person than the testator and the witness. *Loder* v. *Whelpley*, 111 N. Y. 239, 18 N. E. Rep. 874; *In re Coleman*, 111 N. Y. 220, 19 N. E. Rep. 71. Dr. Rodenberger gave evidence tending to show that, in his opinion, McCarthy was competent to make the will. He denied that he had stated otherwise. It was competent to contradict him by showing that he had stated that the deceased was, in his opinion, not competent to make a will. The question put to the witness Mary Ann Lynch, viz.: "Could McCarthy at any time after the 15th of November, 1888, carry on a connected conversation with anybody?" was objectionable, as calling for the opinion of an inexpert witness; but it is apparent from what followed that the answer did not injure the proponent's case. The surrogate understood her answer to mean simply that the witness thought that McCarthy was so weak that he did not possess sufficient physical strength to carry on a connected conversation. The testimony of Mrs. Nobles as to what her father's physical condition was when she reached home, and whether he left his bedroom after she arrived, did not relate to any personal transaction or communication between her and her father, and was not objectionable. This case has been thoroughly litigated. It has been tried by the surrogate three times, and this is the third appeal to this court. We think the findings of the surrogate fairly sustained by the evidence, and, as we find no errors occurring upon the trial of sufficient importance to justify a reversal, the decree appealed from should be affirmed, with costs to the proponent and contestants, to be paid out of the estate. All concur.